**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MARY ANN ROSS; JOHN L. ROSS -
DECEASED SPOUSE,**

                         **Plaintiffs,**

     vs.                                       **1:15-cv-01094
                                                    (MAD/CFH)**

**UNITED STATES OF AMERICA;
ALBANY STRATTON VA MEDICAL
CENTER; DRS. & NURSE
PRACTITIONERS IN CARDIOLOGY
DEPT.; VA PRIMARY CARE
DR./ GLENS FALLS, N.Y. OFFICE,**

                         **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**MARY ANN ROSS**
114 Main Street
Argyle, New York 12809
Plaintiff *pro se*

**OFFICE OF THE UNITED STATES**        **CATHLEEN B. CLARK, AUSA**
**ATTORNEY**
James T. Foley Courthouse
445 Broadway, Room 218
Albany, New York 12207
Attorneys for Defendants United States of
America; Albany Stratton VA Medical Center;
Albany Stratton VA Cardiology Department;
Marisa Orgera, MD; Michele K. Rawlins;
Mohamma El-Hajjar, MD; Jessica Saunders; and
Mandeep Sidhu, MD

**HEIDELL, PITTONI, MURPHY &**            **JOHN C. O'BRIEN, ESQ.**
**BACH, LLP**                                     **VINCENT L. GALLO, ESQ.**
99 Park Avenue, 7th Floor
New York, New York 10016
Attorneys for Defendant Doris Scheweickert

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On September 10, 2015, Mary Ann Ross ("Plaintiff") commenced this action *pro se* pursuant to 42 U.S.C. § 1983 ("Section 1983") against the United States of America (VA Administration), Albany Stratton VA Medical Center, Cardiology Department of the Albany Stratton VA Medical Center, Marisa Orega, MD, Michele K. Rawlins, Mohomma El-Hajjar, MD, Jessica Saunders, Sidhu Mandeep, MD, and Doris Scheweickert (collectively "Defendants"). *See* Dkt. No. 1. In the complaint, Plaintiff asserts causes of action for medical negligence and wrongful death. *See id.* at ¶ 5. Presently before the Court are Defendants' motions to dismiss Plaintiff's action or, in the alternative, a motion for a more definite statement. *See* Dkt. Nos. 13, 21.

**II. BACKGROUND**

Plaintiff is the surviving spouse of John L. Ross.[1] *See* Dkt. No. 1 at ¶ 2. Between 2004 and the date of Mr. Ross' death on May 26, 2013, he was treated by various medical providers at VA medical centers in Massachusetts and New York. *See id.* at ¶¶ 4, 5. At some point in 2004, a nuclear stress test was requested by a provider at a VA medical center in Massachusetts, but the diagnostic test was cancelled by Defendant Rawlins, according to Plaintiff. *See id.* In 2008, "problems came about," which caused Mr. Ross to have heart surgery at the Buffalo VA Medical Center located in Buffalo, New York. *See id.* Mr. Ross underwent "Cabg, Caroided [sic] Artery Surgery, Conversion and Ablation." *Id.* An undefined "they" were aware that Mr. Ross was experiencing atrial fibrillation for fourteen months, and "they" continued to treat him with

---

[1] For purposes of this motion, the material allegations in Plaintiff's complaint are deemed admitted and the Court views the facts in the light most favorable to Plaintiff. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

medications during that time but did not investigate or follow through with tests and treatment to "fix it." *See id.* Plaintiff claims that the medical records documented "what could have been wrong in 2008 at the time of the ablation," but, in 2012, this was mentioned as something to look into.[2] *See id.* Plaintiff claims that the medical providers were not "completely informative with information" of Mr. Ross' medical condition, and Plaintiff generally states that he was not treated and cared for in a reasonable and timely manner, which led to his death. *See id.* Plaintiff filed an administrative tort claim, which was denied. *See id.* at 8. Plaintiff filed a request for reconsideration, which was denied by letter prior to March 12, 2015. *See id.* Plaintiff commenced this action on September 10, 2015. *See id.* Plaintiff's complaint is titled as a civil rights complaint and states that the Court has jurisdiction over the action pursuant to Section 1983, but her complaint alleged medical malpractice, loss of consortium, and wrongful death. *See id.* All Defendants have moved to dismiss Plaintiff's action against them pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 13, 21.

## III. DISCUSSION

**A.     Rule 12(b)(1) - Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendant Scheweickert moves to dismiss Plaintiff's action against her, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") for lack of subject matter jurisdiction. Defendant Scheweickert contends that this Court does not have subject matter jurisdiction over her because she was not an employee of the United States. *See* Dkt. No. 21-8 at

---

[2] Plaintiff does not identify or define what is contained in the medical records in 2008 or 2012, but there is an unrelated reference in another paragraph of the complaint to an enlarged heart. *See* Dkt. No. 1 at 5.

3

15-17. In opposition, Plaintiff states that she is not sure what is meant by subject matter jurisdiction. *See* Dkt. No. 23 at 3.

> "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. . . [and] [s]he invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount."

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The Court is permitted to consider evidence outside the pleading in determining whether it has subject matter jurisdiction. *See id.* (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

Ostensibly, Plaintiff's substantive claims seeks to invoke the subject matter jurisdiction of this Court pursuant to the FTCA, which provides "[t]he district courts shall have original jurisdiction" over civil actions claiming negligence against the United States caused by any employee of the Government while acting within the scope of his or her employment. *See* 28 U.S.C. § 1346 (a), (b)(1). "[T]he term 'Federal agency' includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." 28 U.S.C. § 2671. Accordingly, this waiver of sovereign immunity by the United States specifically does not extend

4

to independent contractors. *See Leone v. United States*, 910 F.2d 46, 49 (2d Cir. 1990); *Logue v. United States*, 412 U.S. 521, 528 (1973) (stating that Congress does not allow the state law to determine whose negligence the United States will be liable for under the FTCA, as it has in other circumstances, but, instead, the Act incorporated the exemption from liability for injury caused by contractors). "Because the FTCA creates a waiver of sovereign immunity, it is strictly construed and all ambiguities are resolved in favor of the United States." *Moreno v. United States*, 965 F. Supp. 521, 524 (S.D.N.Y. 1997) (citing *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995)). The courts are not at liberty "to abrogate the exemption that the Act provides." *See Logue*, 412 U.S. at 528. Whether a person is a federal employee or an independent contractor is a question of federal law. *Leone*, 910 F.2d at 49 (citing *Logue*, 412 U.S. at 528).

The Second Circuit held that the strict control test and the principles of agency govern this inquiry. *See id.* The strict control test is whether the federal government controlled the contractor's "day-to-day operation." *Id.* Further, the Second Circuit, in applying the principles of agency law, found that the term "'federal agency' is synonymous with 'servant or agent' of the government" and determined that contractors are not servants where the government lacked the authority "'to control the detailed physical performance of the contract.'" *Id.* (quoting *Logue*, 412 U.S. at 527) In *Leone*, the Court determined that private physicians, who have been designated by the Federal Aviation Administration ("FAA") as Aviation Medical Examiners, were contractors and not employees. *See id.* The Court found that, although these physicians were obligated to comply with FAA regulations and apply FAA standards, these medical examiners did not have their day-to-day actions examined by the federal government. *See id.* at 50 (finding that the Federal Aviation Administration is an overseer, it does not manage or supervise the medical examiners daily duties). The Court, in that case, also noted that the medical examiners are

5

qualified professionals with special skill and training, who "necessarily rely on their own professional judgment" in making decisions." *Id.*

In support of her motion, Defendant Scheweickert submitted the affidavit of Kenneth Kio, a Human Resources Officer, whose position allows him to identify the status of individuals who are employed by the United States Department of Veterans Affairs ("USDVA"). *See* Dkt. No. 133 at ¶ 1. Mr. Kio attests that Defendant Scheweickert was working as a private contract employee at the Glens Falls Community Outpatient Clinic in Glens Falls, New York. *See* Dkt. No. 13-3 at ¶ 3. At all relevant times, Defendant Scheweickert was not an employee of the United States. *See id.* In opposition, Plaintiff states the Defendant Scheweickert was Mr. Ross' primary care physician. *See* Dkt. No. 23. However, Plaintiff does not discuss or submit any information to dispute that Defendant Scheweickert was not an employee of the USDVA. *See id.* Further, Plaintiff does not describe any facts or circumstances to support that the federal government was controlling Defendant Scheweickert's day-to-day operation or the detailed physical performance of her contract. Accordingly, Plaintiff has failed to meet her burden to demonstrate that this Court has subject matter jurisdiction over Defendant Scheweickert. The action against her is dismissed.

**B.    Rule 12(b)(5) - Motion to Dismiss for Insufficient Service of Process**

In the alternative, the Court also finds that Plaintiff failed to obtain personal jurisdiction over Defendant Scheweickert. Defendant Scheweickert also moves to dismiss Plaintiff's complaint for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. *See* Dkt. No. 21-8 at 9-11. "On a Rule 12(b)(5) motion, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 Fed. Appx. 202, 203 (2d Cir. 2010). Service of process can be completed by (1) "delivering a copy of the summons and of

the complaint to the individual personally," (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2)(B).

Defendant has submitted the completed summons form indicating that service was attempted on Defendant Scheweickert by leaving copies of the summons and complaint with Kevin Thiemann, Regional Counsel, at the Albany Stratton VA Medical Center. *See* Dkt. No. 21-4 at 2-3. Also, Plaintiff submitted a signed statement from her process server, which indicates that she went to Albany Stratton VA Medical Center to serve the summons and complaint on Defendant Scheweickert. *See* Dkt. No. 21-5 at 2-3. In opposition, Plaintiff admits that service of the summon and complaint for Defendant Scheweickert was made by leaving the summons and complaint with Kevin Thiemann at the Albany Stratton VA Medical Center. *See* Dkt. No. 23 at 1-2. She argues that the process server intended to serve Defendant Scheweickert at the VA Primary Care Clinic in Glens Falls, New York, but Mr. Theimann said that he would take care of it. *See* Dkt. No. 23 at 1-2. It is not in dispute that Defendant Scheweickert was not personally served. It is also not disputed by Plaintiff that the summons and complaint for Defendant Scheweickert were not left at her "dwelling" or "place of abode," but the documents were left at the Albany Stratton VA Medical Center. Accordingly, service of process was not complete pursuant to Rule 4(e)(2)(A) or (B). Plaintiff also did not effectuate service pursuant to Rule 4(e)(2)(C) because Defendant Scheweickert, unlike the other served individuals, was not employed by the Department of Veterans Affairs. *See* Dkt. No. 13-3 at ¶ 3. Defendant Scheweickert was a private contract employee at the Glens Falls Community Outpatient Clinic in Glens Falls, New York. *See* Dkt. No. 13-3 at ¶ 3. Therefore, Mr. Thiemann, as Regional Counsel

7

to the VA medical centers, was not an agent authorized by appointment or by law to receive service of process for Defendant Scheweickert.

Rule 4(e)(1) of the Federal Rules of Civil Procedure permits serving an individual pursuant to the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. In New York, personal service of process is completed pursuant to N.Y. C.P.L.R. § 308, which provides that service on an individual is completed by delivering the summons "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served *and* by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business. . . within twenty days of each other." N.Y. C.P.L.R. § 308 (emphasis added). As already noted by the Court, Plaintiff left the summons and complaint for Defendant Scheweickert at the Albany Stratton VA Medical Center with a person who would be considered a person of suitable age and discretion. However, Plaintiff has not submitted any evidence that it was Defendant Scheweickert's actual place of business. In Plaintiff's opposition, she states that it was her intention to serve the summons at VA Primary Care Clinic at 84 Broad Street in Glens Falls, New York, the address on the summons, but, instead, the summons and complaint were left at the Albany Stratton VA Medical Center. *See* Dkt. No. 23. Moreover, N.Y. C.P.L.R. § 308 requires the additional action of mailing the summons to Defendant Scheweickert at her last known residence or actual place of business within twenty days. Plaintiff does not submit any evidence that the summons was mailed to Defendant Scheweickert. The undisputed facts in this case demonstrate that Defendant Scheweickert was also not served pursuant to N.Y. C.P.L.R. § 308(2), and, therefore, service failed under to Rule 4(e)(1).

Therefore, the Court additionally finds that it does not have personal jurisdiction over Defendant Scheweickert because there was insufficient service of process. Alternatively, the Court grants Defendant Scheweickert's motion to dismiss for lack of personal jurisdiction.

**C.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

The remaining Defendants, United States, Albany Stratton VA Medical Center, the Albany Stratton VA Medical Center's Cardiology Department, Marisa Orgera, MD, Michele K. Rawlins, Mohamma El-Hajjar, MD, Jessica Saunders, and Sidhu Mandeep, MD, move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). *See* Dkt. No. 13.

*1. 42 U.S.C. § 1983*

Initially, Defendants contend that Plaintiff's complaint failed to state a claim under 42 U.S.C. § 1983. *See* Dkt. No. 13-2 at 5-7. There are two essential terms of a Section 1983 claim, which are: (1) an action under the color of state law, (2) which causes the deprivation of a right secured under the Constitution. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). In this case, Plaintiff used a pre-printed, form complaint for a Section 1983 action, but the substance of her complaint relates solely to a tort claim without any allegations of violations to her constitutional rights or any acts under the color of state law.[3]  *See* Dkt. No. 1. The Court finds that Plaintiff's complaint does not state a claim under Section 1983.

*2. FTCA action against  Orgera, MD, Michele K. Rawlins, Mohamma El-Hajjar, MD, Jessica Saunders, Sidhu Mandeep, MD, Albany Stratton VA Medical Center, and Albany Stratton VA Medical Center's Cardiology Department*

---

[3] Plaintiff acknowledges that her claims are for medical malpractice and wrongful death. *See* Dkt. No. 20 at 2.

Defendants move to dismiss the claims against the remaining individually named Defendants, as well as, Albany Stratton VA Medical Center and its Cardiology Department, because, in an FTCA claim, the only proper Defendant is the United States. *See* Dkt. No. 13-2 at 7-8. The FTCA authorizes "claims against the *United States* . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). Accordingly, a plaintiff's "exclusive remedy for non-constitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA." *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). In this case, Plaintiff does not allege in the complaint that Defendants' conduct occurred outside the scope of their employment, and the complaint further sets forth allegations that relate to the medical care and treatment provided at the Albany Stratton VA Medical Center. *See* Dkt. No. 1. Plaintiffs have not provided any evidence that the individually named Defendants acted outside the scope of their employment, and, accordingly, it is appropriate to dismiss the action against them, allowing it to proceed against the United States as the only proper Defendant. *See* 28 U.S.C. § 2679(d)(1); *see, e.g.*, *Lipkin v. U.S. Sec. & Exch. Comm'n*, 468 F. Supp. 2d 614, 623 (S.D.N.Y. 2006). In her opposition papers, Plaintiff acknowledges that she was aware that the action would continue only against the United States and not the other named Defendants. *See* Dkt. No. 20 at 2. The Court dismisses the action against Marisa Orgera, MD, Michele K. Rawlins, Mohamma El-Hajjar, MD, Jessica Saunders, and Sidhu Mandeep, MD, as well as Albany Stratton VA Medical Center and its Cardiology Department, leaving the United States as the properly named Defendant in this FTCA action.[4]

---

[4] To the extent that Plaintiff intended to commence an action against unnamed parties,. described as "Drs. and Nurse Practitioners in Cardiology Dept." and "VA Primary Care Dr./Glens Falls, N.Y. Office," the Court dismisses the complaint against them as well.

### *3. FTCA action against the United States*

Defendant United States moves to dismiss Plaintiff's claims for medical malpractice, loss of consortium, and wrongful death. *See* Dkt. No. 13-2 at 10-11. According to Defendant, Plaintiff's claims are barred by the statute of limitations and are too speculative to state a claim. *See id.* The Court agrees that Plaintiff's complaint, including the attachments and Plaintiff's papers in opposition to this motion,[5] is too speculative to state a claim of medical malpractice. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). "[T]he Supreme Court rejected the 'oft quoted' standard . . . that a complaint should not be dismissed, 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief,'" *Li Xi v. Apple, Inc.*, 603 F. Supp. 2d 464, 467 (E.D.N.Y. 2009) (citing *Twombly*, 550 U.S. at 570 and quoting *Conley*, 355 U.S. at 45-46) and, instead, held that a plaintiff must "plead enough facts 'to state a claim to relief that is plausible on its face.'" *Id.* at 467 (quoting *Twombly*, 550 U.S. at 555). Although detailed factual allegations are not required in a pleading, a plaintiff must provide the grounds for their entitlement to relief. *See Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

---

[5] "[T]he mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 461 (N.D.N.Y. 2009).

When considering whether a complaint has facial plausibility, that is to say that a plaintiff has "nudged their claims across the line from conceivable to plausible," a court must accept as true all well-pleaded facts in the complaint. *Twombly*, 550 U.S. at 570; *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The Court should not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" as well-pleaded facts because they "do not suffice." *Id.* at 678-79; *see also Twombly*, 550 U.S. at 555. However, this standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he Court must also determine whether [the creditable facts] plausibly suggest an entitlement to relief." *Coal. for a Level Playing Field, LLC v. AutoZone, Inc.*, 737 F. Supp. 2d 194, 215 (S.D.N.Y. 2010); *see also Pearson Capital Partners LLC v. James River Ins. Co.*, 151 F. Supp. 3d 392, 399 (S.D.N.Y. 2015) (holding that a court's dismissal is not appropriate if the factual allegations rise above the level of speculation).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (other citations omitted)). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (internal quotation marks omitted). However, this does not mean that a *pro se* litigant is excused

from following procedural requirements. *See id.* (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)).

To be sure, "'[t]he United States, as sovereign, is immune from suit save as it consents to be sued,' and hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit." *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA empowers the federal district courts with the "exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). For there to be liability, the employee's act must have taken place "while acting within the scope of his [or her] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See id.*

The language, "the law of the place," means that the courts must apply "the whole law of the State" in which the alleged negligent acts occurred. *Richards v. United States*, 369 U.S. 1, 11 (1962). "To establish a claim for medical malpractice under New York law, a plaintiff must prove (1) that the defendant breached the standard of care in the community, and (2) that the breach proximately caused the plaintiff's injuries." *Arkin v. Gittleson*, 32 F.3d 658, 664 (2d Cir. 1994) (citing *Gibson v. D'Amato*, 97 A.D.2d 905, 905 (N.Y. 3d Dep't 1983)). New York law requires that, "'except as to matters within the ordinary experience and knowledge of laymen, . . . expert medical opinion evidence is required' to make out both of these elements." *Milano v. Freed*, 64 F.3d 91, 95 (2d Cir. 1995) (citing *Fiore v. Galang*, 64 N.Y.2d 999, 1001 (1985)).

13

In this case, Plaintiff states that there is no speculation about the facts of this case, which are: (1) Mr. Ross has died; (2) he died because of something that takes years to develop; and (3) his doctors "let him go" fourteen months or longer "with his heart in A-Fib. even after all he had all ready [sic] been through and had done in '08 and '09, and knowing what diseases and health problems and issues he had." Dkt. No. 1 at 5; Dkt. No. 20 at 5. The Court interprets Plaintiff's complaint as potentially alleging three factual bases for a medical malpractice claim. First, Plaintiff claims that Michelle Rawlins cancelled an order for a nuclear stress test in 2004, which may have identified cardiac problems that required surgery in 2008. *See* Dkt. No. 1 at 4. Second, Plaintiff claims that Mr. Ross suffered from a medical condition that takes years to develop, which could have been treated if it had been discovered. *See id.* at 5. Third, Plaintiff claims that "they" did not "fix" Mr. Ross' condition of atrial fibrillation for fourteen months, but, instead, treated the condition with medication until the cause could be determined. *See id.* at 5. Plaintiff generally states in the complaint that the doctors did not "treat and care for him and his condition in a REASONABLE and TIMELY Manner which led to his (wrongful) death." *Id.*

With regard to Plaintiff's allegation that Ms. Rawlins cancelled an order for a nuclear stress test in 2004, Plaintiff does not allege that this cancellation was a departure from accepted medical care, and she does not allege that the cancellation was the proximate cause of Mr. Ross' injuries or death. Instead, the complaint only speculates that the test *may* have identified cardiac problems for which Mr. Ross had surgery in 2008. Even accepting as true that a diagnostic test was cancelled, Plaintiff has failed to state the both elements of a medical malpractice claim. Next, Plaintiff alleges that Mr. Ross suffered from a condition, which developed over years, and this condition could have been treated if it had been discovered. *See id.* Third, Plaintiff claims that Mr. Ross had atrial fibrillation for fourteen months that should have been "fixed." *See id.* at

14

5.  These allegations also fail to sufficiently state a medical malpractice action in Plaintiff's complaint.  Deriving the strongest claims from the allegations in the complaint, the Court finds that Plaintiff has failed to allege that the medical conduct – not diagnosing Mr. Ross' medical condition and not fixing his atrial fibrillation – were deviations from accepted standards of medical care.  *See, e.g.*, *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 329 (S.D.N.Y. 2008) (dismissing the plaintiff's FTCA claim for failure to allege that conduct complained of was a deviation from accepted medical care) (citing *Flemming v. Velardi*, No. 02 Civ. 4113, 2003 WL 21756108 at *4 (S.D.N.Y. July 30, 2003)).  Even liberally construing all of Plaintiff's papers, the Court is unable to find that Mr. Ross' medical malpractice claim survives a Rule 12(b)(6) motion to dismiss.

With regard to Plaintiff's claim for loss of consortium, New York law applies, and "[i]t is well settled under New York law that a claim for loss of consortium is a derivative action and, as such, its viability is dependent on the viability of a primary cause of action." *Dockery v. United States*, 663 F. Supp. 2d 111, 125 (N.D.N.Y. 2009) (internal quotation marks and citations omitted).  Here, because Mr. Ross' claims for medical malpractice are dismissed, Plaintiff's derivative loss of consortium claims are also dismissed.  *See Millington v. Se. Elevator Co.*, 22 N.Y.2d 498, 508 (1968) (stating that where the plaintiff's cause of action has ended either in judgment, settlement, or otherwise, the spouse's loss of consortium claims are barred); *Cruz v. City of New York*, 302 A.D.2d 553, 554 (2d Dep't 2003) (stating that the derivative claims must be dismissed where the direct cause of action was time-barred); *Cody v. Vill. of Lake George*, 177 A.D.2d 921, 923 (3d Dep't 1991) (finding that the termination of the plaintiff's action bars the husband's derivative action).

Plaintiff's claim for wrongful death must also be dismissed. Under New York law, "[t]he personal representative . . . of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued." N.Y. E.P.T.L. § 5-4.1. In this case, the complaint did not sufficiently state a claim of medical negligence, and, accordingly, Plaintiff's wrongful death claim must also fail.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and, for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED**, and the Court further;

**ORDERS** that Plaintiff's claims against Defendants Albany Stratton VA Medical Center, the Cardiology Department of the Albany Stratton VA Medical Center, Marisa Orgera, MD, Michele K. Rawlins, Mohamma El-Hajjar, MD, Jessica Saunders, Sidhu Mandeep, MD, and the unnamed Defendants "Drs. and Nurse Practitioners in Cardiology Dept." and "VA Primary Care Dr./Glens Falls, N.Y. Office" are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's claims against Defendant Doris Scheweickert are **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff's claims against the United States are **DISMISSED with leave to replead within thirty (30) days**[6]; and the Court further

---

[6] The Court notes that a complaint needs to be a "short and plain statement of the claim." *See* Fed. R. Civ. P. § 8(a)(2). In the Court's view, a sufficient complaint may include dates of conduct and injuries as well as a description of the medical provider and their conduct.

**ORDERS** that, if the Plaintiff fails to replead within thirty (30) days, the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 28, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge